IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RONALD PARKER            PLAINTIFF

v.            Civil No. 06-6080

LORRETTA PARKER;
JAMES PARKER;
TERESA DIEBOLD; and
WAYNE DIEBOLD            DEFENDANTS

## ORDER

On November 30, 2006, the plaintiff, who is proceeding pro se, filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. The case was filed in the Eastern District of Arkansas. Subsequently, an order was entered transferring the case to this district.

The plaintiff's motion for leave to proceed *in forma pauperis* (IFP) is granted (Doc. 2). Pursuant to the provisions of the Prison Litigation Reform Act, the clerk is directed to collect the $350 filing fee.

The plaintiff has tendered for filing a supplement to his complaint. Upon review of the supplement, the court finds portions of the supplement contain sensitive information including the name, private medical information, and information about crimes against a minor, and should not be made available over the Internet out of privacy concerns. **For this reason, the clerk is directed to place pages 3, and 5 through 10 of the supplement under seal so that these pages will not be available for public viewing.**

Pursuant to 28 U.S.C. § 1915A the court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court is to dismiss the complaint, or any portion of the

-1-

complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

According to the complaint, Parker has been in prison since December 21, 2002, on convictions of rape and second degree sexual assault. He indicates he was also convicted of theft of property, breaking or entering, and his probation was revoked. He maintains he is locked up for crimes he didn't do.

He has named as defendants his aunt, Lorretta Parker, his uncle, James Parker, his cousin, Teresa Diebold, and his cousin's husband, Wayne Diebold. From the supplement, it appears Parker was charged as a result of his having sexual contact with the eleven year old son of the Diebolds.

Upon review of the complaint and supplement, the court finds the case should be dismissed. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

A private individual who complains of criminal conduct and is a witness for the prosecution does not act under color of law. *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other that what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)(A private citizen does not act under color of law when reporting a crime).

The defendants cannot be sued under § 1983 because they are private citizens, not acting

AO72A
(Rev. 8/82)

under color of state law. Moreover, to the extent Parker names them as defendants because they testified against him, they are absolutely immune as witnesses in a criminal proceeding. *Briscoe v. LaHue*, 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983)(A witness at trial has absolute immunity from suit under § 1983 for giving false testimony damaging to a subject of that testimony).

Parker's claims are also barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed. In this case, Parker's conviction has not been reversed, expunged, declared invalid, or otherwise set aside.

For the reasons stated, the court finds this case should be and hereby is dismissed as it is frivolous, fails to state claims upon which relief may be granted, and asserts claims against individuals who are immune from suit.

IT IS SO ORDERED this 3rd day of January 2007.

/s/ Robert T. Dawson
HON. ROBERT T. DAWSON
UNITED STATES DISTRICT JUDGE

AO72A (Rev. 8/82)